UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA MOLLI,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　Case No.: _____

SOUTHERN-OWNERS INSURANCE
COMPANY

    Defendant.

_____/

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the Defendant, Southern-Owners Insurance Company, hereby removes the above-captioned action currently pending in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11 and contains a short and plain statement of the grounds for removal. *See* 28 U.S.C. § 1446(a). Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction) and authorized by 28 U.S.C. § 1441.

## BACKGROUND

1. On February 21, 2022, Plaintiff, Patricia Molli, filed a Complaint ("**Complaint**") with the Clerk of the Circuit Court for Pinellas County, Florida (the "**State Court Action**"). The State Court Action was assigned Docket No. 22-000836 - CI.

2. Southern-Owners Insurance Company ("**Southern**") is the named defendant in the Complaint. Plaintiff asserts claims against Southern for Uninsured Motorist Benefits.

3. Removal is timely because Southern received copy of the Complaint in the State Court Action, "through service or otherwise," on March 2, 2022 and has removed the State Court Action within 30 days. 28 U.S.C. § 1446(b).

4. Pursuant to 28 U.S.C. §§ 1332(a)(1), 1446(a), and 1441(a), this Notice of Removal is being filed in the United States District Court for the Middle District of Florida, which is part of the district and division embracing the place where this action was filed and pending – Pinellas County, Florida. *See* 28 U.S.C. § 89(b); *See also* Local Rule 4.02(a).

5. Appended hereto as Exhibit A is a copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions as of this date on file in the State Court Action. See 28 U.S.C. § 1446(a); Local Rule 4.02(b).

6. Appended hereto as Exhibit B is a copy of the *Notice of Removal to Adverse Parties*, which will promptly be served upon Plaintiff's counsel and filed with the Clerk of the Circuit Court for Pinellas County, Florida, pursuant to 28 U.S.C. § 1446(d).

7. Appended hereto as Exhibit C is a copy of the *Notice of Filing of Notice of Removal*, which will promptly be filed with the Clerk of the Circuit Court for Pinellas County, Florida, pursuant to 28 U.S.C. § 1446(d).

8. Pursuant to Section 1016 of the Judicial Improvements and Access to Justice Act of 1988, no bond is required in connection with this Notice of Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

9. Southern has satisfied all procedural requirements of 28 U.S.C. § 1446.

10. Based upon the reasons stated herein, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332, and the claims may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

## **STATUTORY REQUIREMENTS – 28 U.S.C. §§ 1332(a)(1) and 1441**

11. Removal of this case is proper pursuant to 28 U.S.C. § 1441(a), which entitles a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1)(diversity jurisdiction) because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

*Citizenship of Parties.*

12. For the purposes of assessing the citizenship of the entities, the U.S. Supreme Court unanimously endorsed the "nerve center" approach for determining the state in which a corporation has its principal place of business. The Court concluded "that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," adding that "the 'nerve center' will typically be found at a corporation's headquarters." *See Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

13. Plaintiff is a Florida Resident with their principal place of residence in Palm Harbor, Florida. *See* Compl. at ¶ 2.

14. Southern is a Michigan Corporation with its principal places of business located in Lansing, Michigan. *See copy of declaration showing Southern is a Michigan Corporation.*

15. Thus, because Plaintiff is a citizen of Florida and Southern is a citizen of Michigan, complete diversity of citizenship exists between the parties.

*Amount in controversy.*

16. 28 U.S. Code § 1446 (c)(2) provides:

(2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), <u>the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that</u>—

(A) <u>the notice of removal may assert the amount in controversy if the initial pleading seeks—</u>
(i) nonmonetary relief; or
(ii) <u>a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded;</u> and
(B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that <u>the amount in controversy exceeds the amount specified in section 1332(a)</u>. (underline added)

17. In its Complaint (i.e., its initial pleading), the Plaintiff alleges that the specific sum of damages is between $75,000 and $100,000.

18. While Southern denies that the Plaintiff is entitled to recover any amount, Southern hereby asserts in this Notice of Removal that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and submits that the amount in controversy exceeds this monetary threshold, by the preponderance of the evidence.

19. Generally speaking, this dispute involves an automobile accident in which the Plaintiff is claiming personal injury. *See* Compl. at ¶ 11.

20. With respect to the issue of damages, the Plaintiff alleges in its Complaint that it sustained the following *types* of damages, but does not articulate the *sum* of the damages sustained for each type:

   a. "bodily injury and resulting pain and suffering, disability, disfigurement, mental pain and anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition." *See* Compl. at ¶ 11.

21. Thus, although it is disputed the total damages alleged incurred by the Plaintiff exceeds the $75,000.00 amount in controversy requirement is met in that Plaintiff has claimed damages between $75,000.00 and $100,000.00.

## CONCLUSION

By this notice and its attachments, Southern does not waive any objections it may have as to improper service, jurisdiction, or any other defenses or objections to this action or the State Court Action. Southern intends no admission of fact, law, or liability by this notice, and reserves all defenses, motions, and pleas. Southern hereby notices that this action be removed to this Court, that all further proceedings in the state court be stayed, and that Southern obtains all additional relief to which it is entitled.

Date: March 22, 2022.

Respectfully Submitted,

/s/ Jeffrey M. Katz

Jeffrey M. Katz, Esq.
Katz, Siegel & Maple P.L.
2633 McCormick Drive, Suite 101
Clearwater, Florida 33759
(727) 796-1000 - Telephone
(727) 797-2200 – Facsimile
jkatz@ksmlawyers.com
jjames@ksmlawyers.com
Attorney for Southern-Owners
Insurance Company
Florida Bar Number: 905666

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of March, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send notification

of such filing to: Megan Cummings, Esq. The Nurse Lawyer, PA, 201 Alt 19 S., Palm Harbor, FL 34683; service@thenurselawyer.com.

Jeffrey M. Katz, Esq.
Katz, Siegel & Maple P.L.
2633 McCormick Drive, Suite 101
Clearwater, Florida 33759
(727) 796-1000 - Telephone
(727) 797-2200 – Facsimile
jkatz@ksmlawyers.com
jjames@ksmlawyers.com
Attorney for Southern-Owners
Insurance Company
Florida Bar Number: 905666
